UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: COUNTRYWIDE FINANCIAL CORP.
MORTGAGE-BACKED SECURITIES LITIGATION                                   MDL No. 2265

TRANSFER ORDER

**Before the Panel:**[*] Two motions are before the Panel pursuant to 28 U.S.C. § 1407. In the first, common defendant Countrywide Financial Corp. (Countrywide Financial) and related entities[1] (collectively Countrywide) move for centralization of the twelve actions listed on Schedule A[2] and any later-filed related actions[3] in the Central District of California. The Bank of America defendants[4] support, while individual Countrywide defendants[5] take no position on, the motion. Plaintiffs in the eight actions pending in the Central District of California either have not responded or do not oppose the motion. Plaintiffs in the remaining four actions oppose centralization. The Bank of New York Mellon (NY-Mellon), the trustee defendant in the Northern District of Illinois action, opposes inclusion of claims against it in MDL proceedings, but if the Panel centralizes, asks that the Panel separate and

---

[*] Judges John G. Heyburn II, Paul J. Barbadoro, and Marjorie O. Rendell took no part in the decision of this matter.

[1] Countrywide Home Loans, Inc.; Countrywide Home Loans Servicing LP; Countrywide Capital Markets, LLC; Countrywide Securities Corp.; CWALT, Inc.; CWABS, Inc.; CWHEQ, Inc.; and CWMBS, Inc.

[2] Two of the actions on this Section 1407 motion are now pending in the Central District of California pursuant to 28 U.S.C. § 1404(a) transfers from the District of Connecticut (*Putnam*) and Southern District of New York (*Allstate*).

[3] Countrywide has notified the Panel of three related actions. These actions and any other related actions are potential tag-along actions. *See* Rules 1.1(h), 7.1 and 7.2.

[4] Bank of America Corp.; NB Holdings Corp.; and BAC Home Loans Servicing, L.P. (collectively Bank of America). Several Bank of America affiliated individuals also are named as defendants in the Southern District of New York action listed on Schedule B.

[5] Angelo R. Mozilo; David Sambol; and Eric P. Sieracki.

- 2 -

simultaneously remand claims against it to the Northern District of Illinois. The Northern District of Illinois plaintiff urges the Panel to deny this request, but movant Countrywide does not oppose it.

In the second motion before the Panel, lead plaintiff in the Southern District of New York action listed on Schedule B seeks inclusion of this New York action (*Montgomery*) in MDL No. 2265 proceedings in the Central District of California. Countrywide, Bank of America and affiliated individuals, and the Southern District of New York *Montgomery* underwriter defendants[6] oppose inclusion of *Montgomery* in centralized proceedings.

I.

On the basis of the papers filed and the hearing session held, we find that the twelve actions on Countrywide's Section 1407 motion involve common questions of fact arising out of allegations that Countrywide misrepresented to its investors origination practices for, and the credit quality of, the mortgage loans it originated from 2004 to 2007. While all actions share factual questions, we will narrow the focus of this MDL to only those actions brought by investors in Countrywide mortgage-backed securities (MBS). Four actions on the Countrywide motion are brought by investors in Countrywide stock, bonds and debentures. These non-MBS cases are related to other Countrywide cases which have been, or are, underway in the Central District of California and already are proceeding efficiently in this district before Judge Mariana R. Pfaelzer. Inclusion of these non-MBS actions in MDL No. 2265 would unnecessarily complicate MDL proceedings by introducing issues unique to these different investor plaintiffs in this proceeding. In any event, Judge Pfaelzer can coordinate informally these non-MBS actions, if appropriate, with the MDL No. 2265 MBS cases.

Opposing plaintiffs argue that Judge Pfaelzer's dismissal of some claims in the Central District of California *Maine State* action on standing and statute of limitations grounds counsels against centralization. Countrywide conversely argues that while institutional investor plaintiff in *Maine State* may not have standing to sue on behalf of purchasers of certain securities, all investors allege that Countrywide made similar misrepresentations or omissions in its offering materials and these allegations are sufficient to warrant centralization. The Panel is not the first court to consider whether Countrywide MBS actions brought by institutional investors should be transferred to the Central District of California. Both the District of Connecticut and the Southern District of New York recently transferred under 28 U.S.C. § 1404(a) two actions brought by Countrywide MBS institutional investors to the Central District of California. But for the specific Countrywide MBS offerings at issue, these two cases are very similar to the Northern District of Illinois, Southern District of New York, Southern District of Ohio, and Western District of Oklahoma MBS actions now before the Panel. In addition, in appointing lead plaintiff in *Maine State*, Judge Pfaelzer left open the possibility of litigating additional claims relating to Countrywide MBS offerings. Noting that it is well established that the lead plaintiff need not have

---

[6] Citigroup Global Markets Inc.; Deutsche Bank Securities; J.P. Morgan Securities, Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Morgan Stanley & Co., Inc.; UBS Securities LLC; and Wachovia Capital Markets, LLC (n/k/a Wells Fargo Securities, LLC) (collectively *Montgomery* underwriter defendants).

- 3 -

standing to assert every claim that is being raised in the litigation as long as a member of the putative class has such standing, Judge Pfaelzer found that even if none of the presently named plaintiffs has standing to pursue a certain claim, the lead plaintiff may seek to add new named plaintiffs in order to assert the claim.  *See Hevesi v. Citigroup, Inc.*, 366 F.3d 70, 82 (2d Cir. 2004).  Although each Countrywide MBS action will involve some unique factual questions relating to each offering, these questions can be handled by the transferee judge by designating separate discovery or motions tracks, if necessary.  *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 626 F. Supp. 2d 1341 (J.P.M.L. 2009); *In re Janus Mutual Funds Inv. Litig.,* 310 F. Supp. 2d 1359 (J.P.M.L. 2004).

Accordingly, we conclude that centralization of the eight Countrywide MBS cases in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation by avoiding duplicative discovery and other pretrial proceedings on complex common factual issues.  Centralization also will ensure that a single judge presides over these actions providing consistency, preventing conflicting rulings, and greatly reducing the duplicative expenditure of judicial resources that otherwise would be required to resolve common questions now pending in at least five federal district courts across the country.

II.

We further find that separation and simultaneous remand of claims (Counts VII through IX) against NY-Mellon in the Northern District of Illinois action is appropriate, because these claims are distinct from claims made against the Countrywide defendants.  The Northern District of Illinois plaintiff acknowledges that its complaint is  essentially two separate complaints.  The first set of claims are allegations against the Countrywide defendants alleging misrepresentations and omissions in its MBS offerings.  The second involves allegations against trustee NY-Mellon.  Inclusion of the NY-Mellon claims in MDL No. 2265 proceedings would not necessarily promote the just and efficient resolution of this litigation.

III.

We further find that inclusion of the Southern District New York *Montgomery* action in MDL No. 2265 is not appropriate.  *Montgomery* involves alleged misrepresentations by Bank of America and its underwriters in offerings of Bank of America stock.  The eight Countrywide MBS actions, on the other hand, involve allegations of misrepresentations by Countrywide made in connection to its MBS offerings.  Countrywide Financial and affiliated entities and individuals are not defendants in *Montgomery*.  While Bank of America Corp. is a defendant in both *Montgomery* and the Countrywide MBS actions, the Countrywide MBS plaintiffs seek to hold Bank of America liable for Countrywide's misrepresentations under a successor theory of liability.  Because *Montgomery* and the Countrywide MBS cases share minimal overlap, inclusion of *Montgomery* in this MDL will not serve the convenience the parties and witnesses or promote just and efficient conduct of *Montgomery* or the Countrywide MBS cases.

IV.

- 4 -

We have selected the Central District of California, which all parties do not dispute is an appropriate forum, as the transferee district for the eight Countrywide MBS actions listed on Schedule A. Countrywide parties, witnesses, and documents are located primarily in Calabasas, Agoura Hills or Westlake Village, California (within the Central District of California). The Central District of California also is accessible for parties and witnesses located throughout the United States. Given her knowledge of the factual issues in these cases developed from handling several Countrywide-related securities cases over the past three years, Judge Mariana R. Pfaelzer is well-positioned to preside over this MDL. In centralizing these eight Countrywide MBS actions before Judge Pfaelzer, we take advantage of her familiarity with the issues in this litigation and make efficient use of judicial resources.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the MBS actions listed on Schedule A and pending outside the Central District of California are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Mariana R. Pfaelzer, for coordinated or consolidated pretrial proceedings with the four MBS actions listed on Schedule A and pending in that district.

IT IS FURTHER ORDERED that counts VII through IX in the Northern District of Illinois action against defendant The Bank of New York Mellon are separated and simultaneously remanded to the Northern District of Illinois.

IT IS FURTHER ORDERED that the motion insofar as it seeks to include the four Central District of California non-MBS actions listed on Schedule A in MDL No. 2265 proceedings is denied.

IT IS ALSO ORDERED that the motion to include the action listed on Schedule B – *Denis Montgomery, et al. v. Bank of America Corp., et al.*, S.D. New York, C.A. No. 1:10-00440 – in MDL No. 2265 proceedings is denied.

IT IS ALSO ORDERED that this litigation is renamed to reflect the limited scope of this docket: In re: Countrywide Financial Corp. Mortgaged-Backed Securities Litigation.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.        Frank C. Damrell, Jr.
Barbara S. Jones

IN RE: COUNTRYWIDE FINANCIAL CORP.
MORTGAGE-BACKED SECURITIES LITIGATION                         MDL No. 2265

## SCHEDULE A

### MBS ACTIONS

<u>Central District of California</u>

Maine State Retirement System v. Countrywide Financial Corp., et al.,
   C.A. No. 2:10-00302
Stichting Pensioenfonds ABP v. Countrywide Financial Corp., et al.,
   C.A. No. 2:10-07275
Putnam Bank v. Countrywide Financial Corp., et al., C.A. No. 2:11-04698
Allstate Insurance Company, et al. v. Countrywide Financial Corp., et al.,
   C.A. No. 2:11-05236

<u>Northern District of Illinois</u>

Sterling Federal Bank, F.S.B. v. Countrywide Financial Corp., et al.,
   C.A. No. 1:11-02012

<u>Southern District of New York</u>

Dexia Holdings, Inc., et al. v. Countrywide Financial Corp., et al., C.A. No. 1:11-01259

<u>Southern District of Ohio</u>

Western and Southern Life Insurance Company, et al. v. Countrywide Financial Corp.,
   et al., C.A. No. 1:11-00267

<u>Western District of Oklahoma</u>

American Fidelity Assurance Company v. Countrywide Financial Corp., et al.,
   C.A. No. 5:11-00361

### NON-MBS ACTIONS

<u>Central District of California</u>

Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Financial Corp.,
   et al., C.A. No. 2:10-05699
State Treasurer of the State of Michigan, et al. v. Countrywide Financial Corp.,
   et al., C.A. No. 2:11-00809
The Fresno County Employees Retirement Association v. Countrywide Financial Corp., et al.,
   C.A. No. 2:11-00811
Children's Hospital and Medical Center Foundation of Omaha et al. v. Countrywide Financial
   Corp., et al., C.A. No. 2:11-02056

**IN RE: COUNTRYWIDE FINANCIAL CORP.**
**MORTGAGE-BACKED SECURITIES LITIGATION**                    MDL No. 2265

## SCHEDULE B

<u>Southern District of New York</u>

Denis Montgomery, et al. v. Bank of America Corp., et al., C.A. No. 1:10-00440